## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

DENNIS HILDERBRAND,            )
                               )
    Plaintiff,             )
                               )
    v.                     )            No. 13-3170
                               )
NATIONAL ELECTRICAL BENEFIT )
FUND,                          )
                               )
    Defendant.             )

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Plaintiff Dennis Hilderbrand's Motion for Attorney Fees (d/e 33). Although Hilderbrand is eligible for attorney's fees, attorney's fees are not appropriate in this case. Therefore, the Motion is DENIED.

### I. BACKGROUND

The National Electrical Benefit Fund (the NEBF) awarded Hilderbrand a disability pension benefit for the time period during which Hilderbrand received benefits from the Social Security Administration but the NEBF denied Hilderbrand benefits for the period of time—2005 to 2008—during which Hilderbrand did not

receive Social Security benefits.   On June 7, 2013, Hilderbrand filed his Complaint against the NEBF seeking benefits for the time period 2005 to 2008 pursuant to the Employee Retirement Income Security Act (ERISA) (29 U.S.C. § 1132(a)(1)(B)).  Hilderbrand alleged the NEBF arbitrarily and capriciously denied him benefits and a full and fair review of his claim.  Compl., ¶ 18 (d/e 1).  The parties filed cross-motions for summary judgment.  See d/e 12, 13.

On December 30, 2014, this Court denied the NEBF's motion for summary judgment and granted Hilderbrand's motion for summary judgment in part.  See Opinion (d/e 19).  Specifically, the Court found that the NEBF, through its Trustees, did not afford Hilderbrand a full and fair review of his claim because the NEBF Trustees did not consider the vocational report submitted on Hilderbrand's behalf.  Id. at 18.  The Court noted that, while plan administrators need not discuss evidence that is immaterial to the issues, the NEBF did not even argue that the evidence was immaterial.  Id. at 20.  Therefore, because the NEBF did not substantially comply with ERISA regulations, the Court reversed the denial of benefits.  Id.  The Court found, however, that it was not clear from the record that Hilderbrand was entitled to benefits

because the evidence was not "'so clear cut that it would be unreasonable for the plan administrator to deny the application for benefits on any ground.'"  Opinion, p. 21 (d/e 19) (quoting Love v. Nat'l City Corp. Welfare Benefits Plan, 574 F.3d 392, 398 (7th Cir. 2009) (quoting Gallo v. Amoco Corp., 102 F. 3d 918, 923 (7th Cir. 1996) (quotations omitted)).  Therefore, instead of awarding benefits to Hilderbrand, the Court remanded the claim for benefits to the NEBF Trustees for a de novo benefits determination. Opinion, p. 22 (d/e 19).

The Court also noted that the Court may award attorney's fees and costs so long as Hilderbrand has achieved "some degree of success on the merits." Opinion, p. 21 (d/e 19) (citing Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 245 (2010); 29 U.S.C. § 1132(g)(1)).  The Court invited Hilderbrand to file a motion for attorney's fees.  Id.

On January 20, 2015, Hilderbrand filed a Motion for Interim Attorney Fees (d/e 20).  Hilderbrand argued that he had achieved some degree of success on the merits and was entitled to interim attorney's fees in the amount of $36,782.50.  The NEBF objected to

an award of attorney's fees.  <u>See</u> Def's Mem. of Law in Opp'n to
Pl.'s Mot. for Interim Att'y's Fees (d/e 21).

On February 23, 2015, the NEBF Trustees issued a new
decision denying Hilderbrand's claim for benefits for the time
period 2005 through 2008.  <u>See</u> Decision (d/e 25-1).  In March and
April 2015, the parties filed cross-motions for summary judgment.
<u>See</u> d/e 23, 26.  On June 29, 2015, the Court entered a Text Order
denying as moot Plaintiff's Motion for Interim Attorney Fees with
leave to refile at the completion of the case.

On November 16, 2015, the Court granted the NEBF's motion
for summary judgment and denied Hilderbrand's motion for
summary judgment.  <u>See</u> Opinion (d/e 31).  The Court found that
the undisputed facts, even taken in the light most favorable to
Hilderbrand, demonstrated that the NEBF's decision was not
arbitrary and capricious.  <u>Id.</u> at 26.  With regard to the vocational
report, the Court found that the NEBF Trustees clearly considered
the report but gave the report little weight and that the Trustee's
interpretation of the report was reasonable.  <u>Id.</u> at 27-28.

Judgment was entered on November 16, 2015. On December 16, 2015, Hilderbrand filed the Motion for Attorney Fees (d/e 33) seeking an award of $36,782.50.

## II. ANALYSIS

Although not raised by the NEBF, claims for attorney's fees must be filed no later than 14 days after the entry of judgment unless a statute or court order provides otherwise. Fed.R.Civ.P. 54(d)(2)(B); see also CDIL-LR 54.1(A) (requests for attorney's fees in all civil cases must be made no later than 14 days after entry of judgment). Although, in June 2015, this Court granted Hilderbrand leave to refile his request for attorney's fees at the conclusion of the case, the Court did not extend the time for Hilderbrand to do so beyond the time limits set forth in the Federal and local rules. Therefore, Hilderbrand's Motion for Attorney Fees, which was filed 30 days after entry of judgment, is untimely. See Bender v. Freed, 436 F.3d 747, 750 (7th Cir. 2006) ("The district court properly held that the Plan's motion for fees pursuant to § 1132(g) was untimely under Rule 54(d)(2)").

But, even if Hilderbrand had timely filed his Motion for Attorney Fees, the Court would find that attorney's fees are not appropriate in this case.

## A. Assuming Hilderbrand's Motion is Timely, Hilderbrand is Eligible For Attorney's Fees Under 29 U.S.C. § 1132(g)(1)

Pursuant to section 1132(g)(1) of ERISA, this Court has the discretion to allow reasonable attorney's fees and costs to either party.  29 U.S.C. § 1132(g)(1).  The fee claimant does not need to be a "prevailing party" to be eligible for attorney's fees under this section.  <u>Hardt</u>, 560 U.S. at 252.  Rather, the fee claimant need only show that he obtained some degree of success on the merits.  <u>Id.</u> at 255.

The "some degree of success on the merits" standard is met if "the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue."  <u>Hardt</u>, 560 U.S. at 255 (quoting <u>Ruckelshaus v. Sierra Club</u>, 463 U.S. 680, 688 n.9 (1983)) (internal quotation marks omitted).  A purely procedural victory or

trivial success on the merits does not meet the requirement of some degree of success on the merits.  <u>Hardt</u>, 560 U.S. at 255.

In <u>Hardt</u>, the United States Supreme Court found that the fee claimant had shown some success on the merits under the following facts: (1) the district court had found compelling evidence that the claimant was disabled and was inclined to award the claimant benefits but instead remanded to give the defendant a chance to address the deficiencies in its review of the claim; (2) the district court directed the defendant to act on the claimant's application within 30 days or a judgment would be issued in the claimant's favor; and (3) after the court-ordered review, the defendant awarded the claimant benefits.  <u>Hardt</u>, 560 U.S. at 256. The <u>Hardt</u> Court found that these facts established "far more than 'trivial success on the merits' or a 'purely procedural victory.'"  <u>Id.</u>; <u>see</u> <u>also</u>, <u>e.g.</u>, <u>Olds v. Retirement Plan of Int'l Paper Co. Inc.</u>, No. 09-0192, 2011 WL 2160264, at *2 (S.D. Ala. June 1, 2011) (noting that the Supreme Court did not "say that these circumstances constitute the floor for 'some degree of success on the merits'" but that the circumstances present in <u>Hardt</u> established "far more"). The <u>Hardt</u> court left open the question of whether a remand order,

without more, would constitute "some success on the merits."
<u>Hardt</u>, 560 U.S. at 256.

Since <u>Hardt</u>, several courts have considered whether a
remand order, without more, constitutes some success on the
merits.  The NEBF cites several district court cases outside of the
Seventh Circuit that have held that a remand order alone does not
constitute some success on the merits.  See <u>McCollum v. Life Ins.
Co. of N.A.</u>, No. 10-11471, 2013 WL 308978, at *1 (E.D. Mich. Jan.
25, 2013) (remand to plan administrator for a full and fair review
did not constitute some degree of success on the merits); <u>Yates v.
Bechtel Jacobs Co. LLC</u>, No. 3:09-cv-51, 2011 WL 2462840, at *2
(E.D. Tenn. May 5, 2011) (finding the fee petition was not ripe
when the court granted a remand without more); <u>Dickens v. Aetna
Life Ins. Co.</u>, No. 1:20-cv-00088, 2011 WL 1258854, at *6
(S.D.W.Va. Mar. 28, 2011) (remand was purely a procedural victory
in part because the court gave no opinion on whether the plaintiff
was disabled); <u>Christoff v. Ohio N. Univ. Emp. Benefit Plan</u>, No.
3:09CV540, 2010 WL 3958735, at *2 (N.D. Ohio Oct. 8, 2010)
(finding that the remand for a full and fair review was procedural
and, without more, did not constitute success on the merits).  Only

one of those cases specifically distinguishes <u>Hardt</u> and does so on the basis that the district court expressed no opinion on whether the plaintiff was disabled.  <u>See</u> <u>Dickens</u>, 2011 WL 1258854, at *6.

However, numerous courts, including district courts within the Seventh Circuit, have found that a remand order alone can constitute some success on the merits.  These courts generally reason that the plaintiffs achieved some success on the merits by establishing an ERISA violation and obtaining a second review of their claims.  <u>See</u> <u>McKay v. Reliance Standard Life Ins. Co.</u>, 428 F. App'x 537, 547 (6th Cir. 2011) (unpublished) (even though the plaintiff ultimately did not receive benefits, the court found that the remand constituted some success on the merits because the plaintiff received another review of his claim); <u>Univ. of Wisc. Hosp. & Clinics, Inc. v. Kraft</u>, 28 F. Supp. 3d 833, 842 (W.D. Wisc. 2014) (finding some degree of success on the merits where the court granted summary judgment in the plaintiff's favor and remanded the case to the plan administrator instead of awarding benefits outright); <u>Kirkpatrick v. Liberty Mut. Group, Inc.</u>, No. 1:10-cv-1397, 2012 WL 2317063, at *2 (S.D. Ind. June 18, 2012) (because the claimant established an ERISA violation and the defendant was

forced to review the claimant's application for benefits with "proper care," the claimant achieved some degree of success on the merits); Young v. Verizon's Bell Atl. Cash Balance Plan, 748 F. Supp. 2d 903, 911-12 (N.D. Ill. 2010) (remand constituted some success on the merits, even though the plaintiff did not prevail on remand, because the plaintiff established an ERISA violation and caused the defendants to counterclaim to reform the plan); Blajei v. Sedgwick Claims Mgmt. Servs., Inc., No. 09-13232, 2010 WL 3855239, at *3 (E.D. Mich. Sept. 28, 2010) (finding some degree of success on the merits where the termination of benefits was found to be arbitrary and the plaintiff was entitled to a "fresh review of her claim"); Olds, 2011 WL 2160264, at *2 (finding the plaintiff achieved some degree of success on the merits where the court found the plan violated the plaintiff's statutory right to a full and fair review and remanded); see also, e.g., Huss v. IBM Medical & Dental Plan, 418 F. App'x 498, 512 (7th Cir. 2011) (unpublished) (finding the plaintiff achieved some success on the merits where the court reversed the administrative denial of benefits, remanded for further proceedings involving a different controlling document, and imposed a statutory penalty against the defendants); Gross v.

<u>Sun Life Assurance Co. of Canada</u>, 763 F.3d 73, 78 (1st Cir. 2014) (finding persuasive the majority position that "remand alone is enough to trigger fees eligibility" but finding that the court did not need to determine whether a remand alone was sufficient where the court also made a substantive ruling on the standard of review that increased the likelihood of a favorable benefits determination for the plaintiff).

This Court finds the latter cases are more persuasive.  In the first ruling on summary judgment, this Court found the NEBF violated ERISA by failing to give Hilderbrand a full and fair review of his claim.  <u>See</u> Opinion (d/e 19).  The Court granted summary judgment, in part, in favor of Hilderbrand and remanded the claim for benefits to the NEBF Trustees for a <u>de</u> <u>novo</u> benefits determination, thereby giving Hilderbrand another review of his claim for benefits.  Consequently, Hilderbrand has achieved some degree of success on the merits of his claim.

**B.     Assuming that Hilderbrand's Motion is Timely, an Award of Attorney's Fees Is Not Appropriate Under the Facts of this Case**

Assuming that Hilderbrand's motion is timely, and because the Court has determined that Hilderbrand is eligible for attorney's

fees, the Court must next determine whether an award of attorney's fees is appropriate.  See Huss, 418 F.App'x at 512.

Prior to Hardt, the Seventh Circuit recognized two tests for determining whether a fee award was appropriate under ERISA. See Temme v. Bemis Co., Inc., 762 F.3d 544, 549 (7th Cir. 2014)(identifying the five-factor test and the "substantially justified" test).  The first test consists of five factors for the district court to consider: (1) the degree of the opposing party's culpability; (2) the ability of the opposing party to pay a fee award; (3) whether an award of fees would deter others acting under similar circumstances; (4) the amount of benefit conferred on members of the plan as a whole; and (5) the relative merits of the parties' positions.  Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wisc., Inc., 657 F.3d 496, 505-06 (7th Cir. 2011).

The second test asks "whether the position of the party against whom the fees are sought was 'substantially justified.'" Temme, 762 F.3d at 549; see also Huss, 418 F. App'x at 512 (describing the test as whether the "position was substantially justified and taken in good faith or whether they were out to harass [the claimant]").  If the opposing party's position was

substantially justified, no fees were awarded.  Id.  A position is
"substantially justified" when it is "justified to a degree that could
satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552,
565 (1988); see also Jackman Fin. Corp. v. Humana Ins. Co., 641
F.3d 860, 866 (7th Cir. 2011) (substantially justified means more
than non-frivolous but less than meritorious) (quotations and
citations omitted).  The Court makes the substantially justified
determination by taking into account the entire litigation
background.  Temme, 762 F.3d at 551.  The two tests "essentially
pose the same question: was the losing party's position
substantially justified and taken in good faith, or was that party
simply out to harass its opponent?"  Raybourne v. Cigna Life Ins.
of New York, 700 F.3d 1076, 1090 (7th Cir. 2012).

The Seventh Circuit has not decided whether either test
survives Hardt but has affirmed the use of both tests since Hardt
was decided.  Tempe, 762 F.3d at 550 (also noting that no Court of
Appeals has abandoned the five-part test); Raybourne, 700 F.3d at
1089 (noting that the court has "largely declined to reconsider
whether the . . . five-factor test remains applicable until we are
confronted with a case where the answer makes a difference to the

outcome"). The Seventh Circuit has held, however, that since

Hardt, a showing of bad faith is not vital to a fee award under

section 1132(g)(1). Raybourne, 700 F.3d at 1089; see also Loomis

v. Exelon Corp., 658 F.3d 667, 674 (7th Cir. 2011) ("A district

judge need not find that the party ordered to pay fees has engaged

in harassment or otherwise litigated in bad faith").

Applying either the substantial justification test or the five-

factor test, the Court finds that an award of attorney's fees is not

appropriate in this case.

First, the Court finds that the NEBF's position was

substantially justified. The Plan provided that proof of disability

consisted of a "Social Security Disability Award or such other proof

as the Trustees may require." See R. 334. The NEBF took the

position that benefits would not be awarded unless the claimant

received Social Security benefits. Although the Court found that

the NEBF improperly failed to consider evidence submitted by

Hilderbrand, the NEBF's litigation position was substantially

justified given the Plan language. A losing position can still be

substantially justified. See, e.g., Temme, 762 F.3d at 551 (noting

that the "Supreme Court has stated that a losing position may still

be substantially justified").  Moreover, taking into account the entire litigation, the NEBF only denied benefits with respect to the period of time for which both the Social Security Administration determined Hilderbrand was not disabled and Hilderbrand's doctors asserted Hilderbrand was capable for light duty and/or sedentary work.  See Temme, 762 F.3d at 551 (noting that the district court takes into account the entire litigation background).  The NEBF awarded benefits for the time period when Hilderbrand received Social Security benefits.

The five-factor test also warrants a denial of Hilderbrand's request for attorney's fees.  The first factor, the degree of the opposing party's culpability, weighs in favor of no award.  The Court does not find that the NEBF acted with a bad motive or engaged in blameworthy conduct for which the NEBF should be found culpable.  The NEBF awarded benefits for part of the time period sought by Hilderbrand and denied benefits for the time not supported by a Social Security award.  Although the Court found that the NEBF should have considered the vocational report, the report was ultimately found by the NEBF to carry little weight and

the Court found the NEBF's interpretation of the report was reasonable.  See Opinion at 27-28 (d/e 31).

   The second factor, ability to pay, weighs in favor of an award because the NEBF has the ability to satisfy an award of attorney's fees.  The third factor, whether an award of attorney's fees would deter similar conduct, also weighs in favor of an award.  In the future, the NEBF and other plan administrators will review material evidence submitted by claimants.  The fourth factor, benefit to other members of the Plan, favors an award of fees to the extent that other claimants will benefit from the Court's decision. See Gross, 763 F.3d at 85.  Finally, the fifth factor, the relative merits of the parties' positions, does not favor either party. Hilderbrand's position that the NEBF should have considered the vocational report was meritorious, but the NEBF was also ultimately successful, as this Court found that its decision to deny benefits was not arbitrary and capricious.  Ultimately, the NEBF gave the vocational report little weight and this Court found the NEBF's interpretation of the report was reasonable.  See Opinion at 27-28 (d/e 31).

Examining the five factors as a whole, the Court finds an award of attorney's fees is not appropriate.  In sum, the Court finds that the NEBF's position was substantially justified and taken in good faith and that the NEBF was not out to harass Hilderbrand.  See Raybourne, 700 F.3d at 1090 (describing the two tests as asking whether the losing party's position was substantially justified and taken in good faith or whether the losing party was out to harass its opponent).  Consequently, fees are not appropriate in this case.

### III. CONCLUSION

For the reasons stated, Hilderbrand's Motion for Attorney Fees (d/e 33) is DENIED.

**ENTER: February 16, 2016**

**FOR THE COURT:**

**s/Sue E Myerscough**
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**